UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOMER BRAWNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-621-DCP |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Deputy Commissioner for Operations, ) | |
| performing the duties and functions not ) | |
| reserved to the Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 14]. Now before the Court is the Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 17 & 18] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. Homer Brawner ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion and **GRANT** the Commissioner's motion.

**I. PROCEDURAL HISTORY**

On February 27, 2013, the Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-403, claiming a period of disability

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court hereby substitutes Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, as the Defendant in this case.

that began on April 15, 2010. [Tr. 115-20]. After his application was denied initially and upon reconsideration, the Plaintiff requested a hearing before an ALJ. [Tr. 81]. A hearing was held on March 19, 2015. [Tr. 26-40]. On August 24, 2015, the ALJ found that the Plaintiff was not disabled. [Tr. 12-21]. The Appeals Council denied the Plaintiff's request for review on August 24, 2016 [Tr. 1-6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on October 24, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since April 15, 2010, the alleged onset date.
>
> 3. The claimant has the following severe impairments: obesity, degenerative disc disease, sensorineural hearing loss, posttraumatic stress disorder, anxiety disorder, and personality disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except he can occasionally bend, stoop, squat, kneel, and crouch. The claimant can perform simple and detailed tasks. He can concentrate for at least two hours at one time and can occasionally (up to one third of the day) deal with change and with the general public.

> 6. The claimant is capable of performing past relevant work as an inspector. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2010, through the date of this decision.

[Tr. 14-21].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the

3

Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV.  DISABILITY ELIGABILITY

"The term 'disability' means [the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12months." 42 U.S.C. § 423(d)(1)(A). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his

4

> past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

The Plaintiff argues that the ALJ's decision is not supported by the substantial evidence because the ALJ failed to discuss and assign a specific weight to a 70 percent service-connection disability rating received from the Veterans Administration ("VA") for post-traumatic stress disorder ("PTSD"). [Doc. 18 at 10-12]. The Plaintiff asserts that the disability rating constitutes a medical opinion that is entitled to evidentiary weight pursuant to 20 C.F.R. § 404.1527(c). [*Id.* at 11]. The Plaintiff further cites to case law from the Fourth, Fifth, Ninth, and Eleventh Circuit Courts, who have held that VA disability ratings are entitled to "great weight," for the proposition that a disability rating is at least entitled to some weight. [*Id.* at 12]. The Commissioner concedes that the VA rating was not discussed in the ALJ's decision, but contends that the rating need only be considered and does not need to be assessed as a medical opinion. [Doc. 20 at 4-5]. The

5

Commissioner submits that the record makes clear that the ALJ considered the disability rating as well as the evidence underlying the VA determination and therefore satisfied the ALJ's obligation under agency regulations and rulings. [*Id.* at 5]. In addition, the Commissioner cites to the gap in the Plaintiff's treatment history, his daily living activities, his work history, and other medical records as substantial evidence that the disability rating was not entitled to any weight. [*Id.* at 9-11].

As an initial matter, the Court finds that a service-connection disability rating by the VA is not a "medical opinion" as defined in the regulations that must be assessed pursuant to 20 C.F.R. § 404.1527(c). *See DePrez v. Berryhill*, No. 3:16-CV-02632, 2017 WL 4938228, at *14 (M.D. Tenn. Sept. 20, 2017) ("The ALJ was not required to analyze the VA's disability determination consistent with 20 C.F.R. 404.1527 or give good reasons for not according weight to the VA disability determination."), *adopted sub nom.*, *Deprez v. Soc. Sec. Admin.*, No. 3:16-CV-02632, 2017 WL 4918598, at *1 (M.D. Tenn. Oct. 31, 2017). At most, a VA service-connected disability rating is considered to be "'one piece of evidence' that is not determinative of the outcome of an application for Social Security disability benefits." *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 518-19 (6th Cir. 2013). It is "simply another fact that the ALJ must take into account when considering all the evidence" related to a claim for disability. *Tiffany v. Colvin,* No. 3:13-CV-839-H, 2014 WL 1922929 (W.D. Ky. May 14, 2014).

Although the Plaintiff correctly argues that various other Circuit Courts have said that a VA disability rating is entitled to evidentiary weight, the Court of Appeals for the Sixth Circuit has held otherwise. The law in this Circuit is that a VA disability rating "is entitled to *consideration*" but is not entitled to any particular weight. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (citing *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)

6

(emphasis added)); *see Cover v. Berryhill*, No. 3:16-CV-646-CCS, 2018 WL 283246, at *7 (E.D. Tenn. Jan. 3, 2018) (rejecting the plaintiff's argument that "various Circuit Courts have said that the Social Security Administration must give [disability ratings] at least evidentiary weight" and holding that "[u]ntil our Appellate Court decides differently, this Court declines to follow non-binding precedent set by other circuit courts."). Accordingly, a VA disability rating "is only one factor to be considered in making a social security disability finding." *Id.* at 510-11. Sixth Circuit precedent is consistent with Social Security Ruling 06-03p which recognizes that "because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency." 2006 WL 2329939, at *6 (Aug. 9, 2006); *see* 20 C.F.R. § 404.1504 (decisions by other governmental agency about whether a claimant is disabled is not binding because that decision is based on its own rules whereas a decision under the Social Security Act is based on social security law). The ruling makes clear that the Social Security Administration is "not bound by disability decision by other governmental and nongovernmental agencies" and only requires that the ALJ "explain the consideration given to these decisions." Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *7. Given Sixth Circuit precedent that disability ratings are only entitled to consideration and not any particular weight, the Court finds Plaintiff's reliance on case law from other circuit courts for the proposition that a disability rating is at least entitled to some weight misplaced and further finds Plaintiff's arguments in this regard unpersuasive.[2]

---

[2] The Court notes that Plaintiff's counsel has made this identical argument in other cases before this District which, for the same reason expressed herein, have not been well taken. *See Griffith v. Colvin*, No. 3:15-CV-562-TAV-CCS, 2016 WL 7638139, at *3 (E.D. Tenn. Dec. 16, 2016) ("While other circuit courts have endorsed a specific evidentiary value for disability decisions rendered by the VA, the law in this Circuit is that a VA disability rating 'is entitled to consideration' but is not entitled to any particular weight"), *adopted by*, No. 3:15-CV-562-TAV-

7

Turning to the instant matter, the Court finds that the ALJ did properly consider the service-connected disability rating of the VA in the case record. Although the ALJ did not explicitly address the Plaintiff's disability rating in the notice of decision, when the decision is read in its entirety, it is clear that the ALJ carefully considered the entire medical record of the Plaintiff and determined that it did not support the rating. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[An] ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."). During the hearing, the ALJ discussed the VA's disability rating for PTSD with the Plaintiff, who described how his impairment effected his ability to work. [Tr. 32-33, 36]. The ALJ also discussed and weighed the opinion of Alice Garland, M.S., L.S.P.E, who performed a psychological evaluation of the Plaintiff on May 29, 2013.[3] [Tr. 444-47]. Ms. Garland considered the VA's disability rating for PTSD when she evaluated the Plaintiff. [Tr. 445]. The ALJ gave "great weight" to Ms. Garland's opinion which concluded that the Plaintiff was mildly limited in his ability to do complex and detailed work, mildly to moderately limited in his ability to persist and concentrate, and moderately limited in his ability to work with the public and adapt to change. [Tr. 19, 447]. In addition, the ALJ

---

CCS, 2017 WL 52607 (E.D. Tenn. Jan. 4, 2017) (quoting *Ritchie*, 540 F. App'x at 510-11); *Lawson v. Colvin*, No. 3:15-CV-119-PLR-CCS, 2015 WL 9942593, at *4 (E.D. Tenn. Dec. 30, 2015) (relying on *Ritchie* and *LaRiccia*, the Court "declines to agree with other circuit courts that have ruled that the disability rating, alone, is entitled to 'great weight.' Rather, our appellate court has instructed that ALJs must consider the VA's decision and then explain the consideration given to the decision."), *adopted by*, No. 3:15-CV-119-PLR-CCS, 2016 WL 347679 (E.D. Tenn. Jan. 28, 2016); *see also Cover*, No. 3:16-CV-646-CCS, 2018 WL 283246 at *7.

[3] The Court notes that Ms. Garland's opinion is dated May 29, 2012 and May 29, 2013. [Tr. 444]. Both the ALJ's decision [Tr. 19] and the Plaintiff's brief [Doc. 18 at 3] reference the May 29, 2012 date. However, given that Ms. Garland based her opinion, in part, on the review of records from March and April 2013 [Tr. 444], and the Authorization and Claim for Payment form submitted by Ms. Garland is dated May 29, 2013 [Tr. 443], the record suggests that Ms. Garland authored her opinion on May 29, 2013.

8

assigned "great weight" to the opinions from the nonexamining state agency psychological consultants, Rebeca Hansmann, Psy.D., and P. Jeffrey Wright, Ph.D., who reviewed the record, including the medical records from the VA, and concluded that the Plaintiff had some moderate limitations in social interaction and adaption. [Tr. 20, 44, 50-51, 56-59, 64-66].

Furthermore, the Court finds that the ALJ's discussion of the medical evidence relating to the Plaintiff's PTSD provides a reasoned explanation as to why the Plaintiff's disability rating was not entitled to greater deference. In December 2010, the Plaintiff was negative for PTSD screening, denied symptoms of PTSD that included nightmares, being constantly on guard or easily startled, and feeling detached from others, from activities, and from his surroundings. [Tr. 18, 423]. However, during a March 2011 psychology consultation, the Plaintiff was diagnosed with PTSD in addition to depression. [Tr. 18, 409-10]. Despite the diagnosis, the Plaintiff denied anxiety attacks, excessive worry, and social phobia. [Tr. 407]. The Plaintiff related his hobbies included attending wrestling matches, lifting weights, watching television, and occasionally going out to eat with his wife. [Tr. 409]. Notably, while the Plaintiff claims he became disabled on April 15, 2010, he reported that he became unemployed not because he was disabled but because the plant he was working for had shut down. [*Id.*]. He also reported at that time that he was attending technical school studying machine shop. [*Id.*]. On examination, the Plaintiff's memory appeared intact, insight adequate, and judgment sound. [*Id.*]. Other evidence in the records undermines the severity of the Plaintiff's PTSD, including gaps in treatment which did not begin until almost a year after the Plaintiff's alleged onset date and improvement with medication. [Tr. 310-11, 321, 330, 370, 489, 507].

Accordingly, while the ALJ did not specifically cite to the Plaintiff's disability rating for PTSD, the record indicates that the ALJ considered the disability rating and cited to substantial

9

evidence supporting the conclusion that the Plaintiff's PTSD, the basis of the disability rating, was not as severe as the Plaintiff alleged. The ALJ discussed the psychological findings in depth in the adverse hearing decision, which makes clear why the ALJ did not elect to afford any deference to the rating. While it would have been prudent for the ALJ to have mentioned the VA disability rating in the notice of decision, the VA determination was discussed at the hearing and referenced within the case record. While SSR 06-03p certainly suggests that the ALJ *should* explain the consideration given to disability decision by other governmental and nongovernmental agencies, it does not explicitly mandate it. *See Miller v. Colvin*, No. 3:15-CV-294-DW, 2016 WL 154127, at *4 (W.D. Ky. Jan. 12, 2016) (explaining that "the ALJ is not required to discuss the VA disability determination with any specific level of detail other than to explain the consideration given to [the decision]" as noted in Social Security Ruling 06-03p. "So long as the reviewing court is not left to sheer speculation in its determination of the ALJ's rationale for rejecting the VA disability rating, the hearing decision will not be set aside on this basis.") (internal quotation and other citation omitted). Moreover, the ruling clearly points out that the disability determination of another agency may be deemed irrelevant depending on the standards employed to assess disability. Here, a review of the record reveals that the ALJ considered the service-connected disability rating of the VA, and the hearing decision reveals clearly why the ALJ elected not to afford any weight to the rating. Thus, the Court is not faced with a situation where it is left to speculation of the ALJ's rationale for rejecting the VA's disability rating, and accordingly is able to find that substantial evidence supports the decision of the ALJ in not affording any weight to the rating.

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 17**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 19**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge